IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ELBA FALTO DE ROMAN**,

    Plaintiff,

    v.

**MUNICIPAL GOVERNMENT OF MAYAGÜEZ**, *et al.*,

    Defendants.

Civil No. 12-1011 (BJM)

### OPINION AND ORDER

In an amended complaint, Elba Falto de Roman ("Falto" or "plaintiff") sued the Municipal Government of Mayagüez ("the Municipality"), Jose Guillermo Rodríguez in his personal capacity and as mayor of Mayagüez ("Rodríguez"), the members of the Board of Directors of the Head Start Program in their personal and official capacities[1] ("the Board members"), and the members of the Council of Policy Rules of the Head Start Program in their personal and official capacities[2] ("the Council members"), alleging employment retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) *et seq.* and Law No. 115 of December 20, 1991 ("Law 115"), 29 L.P.R.A. §§ 194 *et seq.*; as well as unlawful dismissal in violation of the Due Process Clauses of the federal and Commonwealth Constitutions. (Docket No. 5, hereinafter "Compl."). Plaintiff also alleges harassment under Law No. 69 of July 6, 1985 ("Law 69"), 29 L.P.R.A. §§ 1321 *et seq.* against Rodríguez only.

The Board members and the Council members (collectively, "Head Start defendants"), appearing only in their official capacities, moved to dismiss the complaint for failure to state a claim.[3] (Docket No. 29). Plaintiff opposed. (Docket No. 42). This case is before me on the

---

[1] Luis Olivares, Elena Martinez, Luis Ojeda, Carlos Gonzalez, Efrain De Jesus, Lisaira Diaz Nadal, and other unnamed individuals.

[2] Luis Balaguer, Elida Caraballo, Francisco Figueroa, Lourdes Feliciano, Nitzia Lamberty, Luis Ramos, and other unnamed individuals.

[3] Head Start defendants do not address any argument regarding their personal capacity liability under section 1983 or the complaint's other claims. I therefore reach no determination about any claims

consent of the parties. (Docket No. 39).

For the reasons that follow, the motion to dismiss is **DENIED**.

## MOTION TO DISMISS STANDARD

To survive a motion to dismiss at the pleading stage, "an adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). A court parses the allegations of the complaint in two steps. First, "'legal conclusions couched as fact' or 'threadbare recitals of the elements of a cause of action'" are identified and completely disregarded. Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949–50 (2009)) (alteration marks omitted). The remaining "[n]on-conclusory factual allegations" are then "treated as true, even if seemingly incredible." Id. The overall standard is only satisfied if those facts "state a plausible, not a merely conceivable, case for relief"; however, a court must not "attempt to forecast a plaintiff's likelihood of success on the merits." Id.

## FACTUAL ALLEGATIONS

Plaintiff is a citizen of the Commonwealth of Puerto Rico and a resident of the City of Mayagüez. (Compl., ¶ 21). Until October 5, 2011, she was the director of the city's Head Start Program. (Id., ¶ 36). In a document issued June 14, 2010 and delivered to plaintiff on June 17, 2010, defendant Rodríguez ordered plaintiff not to sign a lease contract with Rosaura Building Corporation ("Rosaura"). (Id., ¶¶ 29-30). Plaintiff and other decisionmakers at Head Start had already approved of the contract, but on June 21, 2010 plaintiff informed Rosaura of Rodríguez's order. (Id.). Rosaura sued Rodríguez in federal court for political discrimination on June 14, 2011. (Id., ¶ 31).

Rodríguez was served on July 12, 2011. Sometime around the end of the month, Rodríguez called plaintiff and, in a loud and threatening manner, scolded her for informing Rosaura that he was responsible for denying the contract. (Id., ¶ 32). Plaintiff responded that she

---

brought against them in their personal capacities.

had been truthful to Rosaura and that there was no other reason for the contract to be denied. (Id.). Blaming her for Rosaura's lawsuit, Rodríguez said that "women like her were not needed in his government" and "women don't know how to be loyal." (Id.). He asked if plaintiff was aware that the owners of Rosaura were his political enemies, and said that her responsibility as director of Head Start was to protect him as mayor. (Id.). Minutes after hanging up, he called back to inquire whether plaintiff was going to testify in the Rosaura case. (Id., ¶¶ 33-34). When she answered that she would comply with any order to testify, Rodríguez said he could no longer trust her and that he would have the Board of Directors of Head Start fire her unless she resigned. (Id., ¶¶ 34-35). On September 28, 2011, plaintiff received a hand-delivered letter signed by Rodríguez stating that the Board and the Council had decided to dismiss her, effective October 5, 2011, because the federal grant to the City of Mayagüez had been threatened and because Rodríguez had lost trust in her. (Id., ¶¶ 36-37).

## DISCUSSION

Head Start defendants argue that the complaint fails to allege action pursuant to an official policy or custom because the Board and Council members are not municipal employees with the authority to terminate plaintiff. (Docket No. 29, ¶¶ 11-12).

Section 1983 authorizes a federal cause of action against persons who, while acting under color of state law, cause a violation of a plaintiff's federal rights. Generally, "municipalities are not vicariously liable under section 1983 for the actions of their non-policymaking employees." Haley v. City of Boston, 657 F.3d 39, 51 (1st Cir. 2011) (citing Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403-04 (1997)). Rather, a plaintiff "must 'identify a municipal policy or custom that caused the plaintiff's injury.'" Id. (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 478-79 (1986); Monell v. Dep't of Soc. Services of City of New York, 436 U.S. 658, 694 (1978)). But under Puerto Rico law, the employment decisions of a mayor, including the unconstitutional discharge of municipal employees, constitute the official policy of the municipality. Rivera-Torres v. Ortiz Vélez, 341 F.3d 86, 103 (1st Cir. 2003) (citing Cordero v. De

Jesus Mendez, 867 F.2d 1, 7 (1st Cir. 1989)).

Here, plaintiff has stated a plausible claim that her termination was the result of Rodríguez's exercise of his final policy-making authority as Mayor of Mayagüez. Rodríguez told plaintiff that her role as Head Start Director was to protect him as mayor, that he lost trust in her, and that he would have Head Start defendants terminate her unless she resigned first. (Compl. ¶ 35). Roughly two months later, she received a termination letter from the Head Start defendants, signed by Rodríguez. (Id., ¶ 36). Treating these non-conclusory factual allegations as true, and without attempting to forecast plaintiff's likelihood of success on the merits, plaintiff has stated a plausible claim for municipal liability. Because the complaint states a claim against the Municipality, it likewise states a claim against its officers when sued in their official capacity. See Monell, 436 U.S. at 690 n. 55 ("Since official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent . . . local government officials sued in their official capacities are 'persons' under § 1983 in those cases in which, as here, a local government would be suable in its own name.").

The Head Start defendants' focus on their own purported lack of final policymaking authority attacks a straw man. Even if it is ultimately true that these individuals did not have such authority,[4] plaintiff "did not have to allege specifically, as [d]efendants argue, that any policy or custom attributable to . . . [the Board or Council members] was the moving force behind [her] injuries, since the municipality's liability arises directly from the official policy actions of its mayor." See Hernández Carrasquillo v. Rivera Rodríguez, 281 F. Supp. 2d 329, 336 (D.P.R. 2003). Moreover, "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent," and those officers are proper defendants

---

[4] But see 42 U.S.C. § 9837(c), which mandates Head Start agencies to, inter alia, "establish and maintain a formal structure for program governance." The agency's governing body "shall have legal and fiscal responsibility" which includes responsibility for "personnel policies of such agencies regarding the hiring, evaluation, termination, and compensation of agency employees," § 9837(c)(1)(E)(iv)(V)(cc), and "approving personnel policies and procedures, including policies and procedures regarding the hiring, evaluation, compensation, and termination of the . . . Head Start Director," § 9837(c)(1)(E)(iv)(IX). The policy council "shall approve and submit to the governing body decisions about . . . [p]rogram personnel policies and decisions regarding the employment of program staff . . ." § 9837(c)(2)(D)(vi).

whenever the local government "would be suable in its own name." See Monell, 436 U.S. at 691. Because the complaint states a plausible claim against the Municipality, the moving defendants have not established any ground for dismissing the complaint against them in their official capacities.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of July, 2012.

*S/ Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge
